FILED

98 AUG 10 AM 10: 11

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED

AUG 10 1998

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

CLARENDON NATIONAL INSURANCE, )
COMPANY,
)
      PLAINTIFF,
)
VS.                     CV98-H-1238-NE
)
BELMONT HOMES, INC.;
MARGARET SMITH; KENNETH SMITH; )
and BOBBY GRIMES,
)
      DEFENDANT.

## MEMORANDUM OF DECISION

On December 5, 1997 defendants Margaret Smith and Kenneth Smith filed an action in the Circuit Court of Morgan County, Alabama (CV-97-797) against co-defendant Belmont Homes, Inc. seeking damages for personal injuries to Margaret Smith and loss of consortium by Kenneth Smith as a result of alleged negligent conduct of Belmont occurring April 19, 1996 at Mountain Valley Mobile Homes in Fort Payne, Alabama which allegedly caused injuries to Margaret Smith. At the time of the incident Belmont Homes, Inc. was the insured under a "truckers coverage" policy issued to Belmont by plaintiff, Clarendon National Insurance Company, covering both Belmont and its driver at the time of the incident, Bobby Grimes. About ten days prior to the commencement of the Morgan County action, Clarendon filed in the United States District Court for the Northern District of Mississippi a complaint for declaratory judgment. In the federal court action Clarendon takes the position that Margaret Smith was at the time of the incident an employee of Belmont and hence excluded from

the truckers coverage policy issued to Belmont by Clarendon. The declaratory judgment action was transferred to this court by a consent order entered May 11, 1998 and is docketed in this court as set forth above. If the position taken by Clarendon in the declaratory judgment complaint is correct, there may be no obligation under the truckers coverage policy to pay a judgment entered in the Morgan County action. But since the duty to defend is much broader than the obligation to pay under policies of the nature involved, in all probability there is a duty to defend Belmont in that action since the complaint in the Morgan County action very clearly states a claim against Belmont which, if valid, would be covered under Clarendon's policy.[1]

On April 16, 1998 defendant Margaret Smith filed another action in the Circuit Court of Morgan County (CV-98-257) against Belmont under the Workmen's Compensation laws of the State of Alabama for the same injuries she allegedly sustained on April 19, 1996. In this second Morgan County action Margaret Smith expressly avers that she was not an employee of Belmont or Bobby Grimes but that since Clarendon takes that position in the declaratory judgment complaint, she, out of an abundance of precaution, alternatively wants to collect under the Workmen's

---

[1] This Morgan County action was removed to the United States District Court for the Northern District of Alabama where it is currently pending as CV97-S-3310-NE. The July 6, 1998 motion of Belmont and the July 2, 1998 brief of Clarendon advise the court that Clarendon is in fact providing a defense to Belmont (with a reservation of rights) in CV97-S-3310-NE.

Compensation laws for the injuries.[2] Apparently Georgia Casualty and Surety Company has issued a policy to Belmont providing workers compensation insurance.

The court has before it the July 6, 1998 motion of Belmont for leave to amend its answer to assert a counterclaim against Clarendon and to make Georgia Casualty and Surety Company a counterclaim defendant. The court also has before it Clarendon's July 22, 1998 opposition and motions in response to Belmont's motion as well as Clarendon's brief in opposition to Belmont's motion. The court also has before it the July 31, 1998 reply brief of Belmont. In Belmont's proposed counterclaim and Clarendon's brief in opposition to the motion the parties advise the court that Clarendon, with a reservation of rights, is currently providing a defense for Belmont in the underlying litigation filed December 5, 1997 in the Circuit Court of Morgan County and removed to this court where it is currently pending as CV97-S-3310-NE. In its proposed counterclaim Belmont seeks to recover damages from Clarendon for its bad faith refusal to pay claims made or judgments obtained against Belmont by Margaret Smith and Kenneth Smith and for Clarendon's failure to defend Belmont without insisting on a reservation of rights. Belmont further seeks damages from Clarendon since it has been called upon to defend the workers compensation action currently pending in Morgan County since its carrier, Georgia Casualty and Surety

---

[2] This workers compensation action has not been removed to federal court and cannot be removed.

Company, has refused to defend that suit and denied any responsibility to Belmont under its workers compensation policy.

It is against the foregoing background that the court views this action and the pending motions. It is clear that the original complaint in no way presented to the court for resolution "the entire controversy" arising out of the operative facts. Even assuming that the granting of Belmont's July 6, 1998 motion would correct that deficiency, the court is of the opinion that such correction comes too late in view of the intervening personal injury action pending in this court in CV97-S-3310-NE and the workmen's compensation action pending in the Circuit Court of Morgan County as CV-98-257. Most, if not all of the issues presently in and sought to be added to this action will be resolved in or as a result of those actions. Accordingly, the court will deny the July 6, 1998 motion of Belmont to amend, decline further to exercise jurisdiction over this declaratory judgment action and dismiss this action without prejudice. Such dismissal will render moot the pending motions filed July 22 and 28, 1998.

DONE this the ___10th___ day of August, 1998.

_____
SENIOR UNITED STATES DISTRICT JUDGE